UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

GUADELUPE C. GONZALEZ,

       Plaintiff,                          Case No.  1:14-CV-0718

v.                                          HON. ROBERT J. JONKER

COMMISSIONER OF SOCIAL
SECURITY

       Defendant,
_____/

## OPINION

This is a social security action brought under 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner).  Plaintiff Guadelupe Chavez Gonzalez[1] seeks review of the Commissioner's decision finding her disabled as of November 14, 2011, but not before.

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process.  *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1998).  The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision.  *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

---

[1] The filings are inconsistent regarding the spelling of plaintiff's first name. For the sake of consistency, the Court follows the spelling as it appears on the docket.

The Court may not conduct a *de novo* review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 53 years old on the date of her alleged disability onset. (A.R. 137). She was born on April 22, 1957, obtained a GED, and previously worked as a production assembler. (A.R. 29, 58). On June 2, 2011, plaintiff filed for disability insurance benefits (DIB) under Title II

of the Social Security Act. (A.R. 135). Plaintiff's application alleged an onset date of April 26, 2010, and stated that she suffered from rotator cuff issues on both shoulders as the result of an alleged work injury. (A.R. 69, 137).

The Commissioner determined that plaintiff met the requirements of the Act as of November 14, 2011, but not before, because plaintiff became "as of advanced age" on that date. (A.R. 80, 88); *see* 20 C.F.R. Part 404, Subpart P, App. 2, Table 2, § 202.01. Plaintiff thereafter sought a hearing before an administrative law judge (ALJ), alleging that she should be found to be disabled as of April 26, 2010 because she only had the residual functional capacity (RFC) for sedentary, rather than light, work. If plaintiff was determined to have the RFC for sedentary work, a finding of disabled would follow from application the portion of the regulations commonly known as the "grids." *See* 20 C.F.R. Part 404, Subpart P, App. 2, Table 1, § 201.12. On January 7, 2013, plaintiff appeared with her counsel at an administrative hearing before ALJ Angelita Hamilton in which both plaintiff and a vocational expert (VE) testified (A.R. 26). On February 4, 2013, ALJ Hamilton issued her written decision finding plaintiff had a RFC for light work and which further found plaintiff was not disabled under the Act between April 26, 2010 and November 14, 2011. (A.R. 8). The Social Security Appeals Council declined to review the ALJ's decision on May 5, 2014, making it the Commissioner's final decision. (A.R. 1-4). Plaintiff thereafter commenced this action.

## ALJ'S DECISION

A claimant must prove that she suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can

3

be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). To aid ALJs in applying the above standard, the Commissioner of Social Security has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five step sequential process" for claims of disability. First [a] plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, [a] plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if [a] plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, [a] plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, [a] plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that [the] plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted). If at any step, the ALJ finds that the individual is not disabled, she makes her determination and does not go on to the next step. 20 C.F.R. § 404.1520(a)(4).

The plaintiff has the burden of proving the existence and severity of limitations caused by his impairments and that she is precluded from performing past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). At step five, it is the Commissioner's burden "to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.*

The ALJ determined plaintiff's claim failed at the fifth step of the evaluation. The ALJ initially found that plaintiff had not engaged in substantial gainful activity since April 26, 2010. (A.R. 13). Second, the ALJ determined that plaintiff had the severe impairments of: (1) right rotator cuff repair, left shoulder disorder, and obesity. (A.R. 13). At the third step, the ALJ considered whether the plaintiff met a listed impairment and found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (A.R. 13-14).

With respect to plaintiff's residual functional capacity (RFC), the ALJ determined that between April 26, 2010, and November 13, 2011, plaintiff had the RFC:

> to perform light work as defined in 20 CFR 404.1567(b), with some additional limitations. More specifically, she was able to lift and carry up to 20 pounds occasionally and 10 pounds frequently, stand and/or walk for a total of up to six hours in an eight-hour workday, and sit for a total of up to six hours in an eight-hour workday. She was limited to no more than occasional climbing of ramps or stairs, balancing, stooping, kneeling, crouching, crawling, reaching overhead bilaterally, and pushing and pulling bilaterally; and she could not climb ladders, ropes or scaffolds.

(A.R. 14).

Continuing with the fourth step, the ALJ determined that plaintiff was unable of performing any past relevant work. (A.R. 18). At the fifth step, the ALJ used the VE's testimony from the administrative hearing to determine whether a significant number of jobs exist in the economy which a person similar to plaintiff could perform. (A.R. 18-19); *see Richardson*, 735 F.2d at 964. The VE testified that there existed approximately 50,100 regional jobs (that is, jobs in the State of Michigan) and 427,000 national jobs that a person could perform. (A.R. 58-59). The VE testified that this work included jobs as a parking lot cashier and a table worker. (A.R. 59). This

represents a significant number of jobs. *See Hall v.* Bowen, 837 F.2d 272, 274 (6th Cir. 1988); *McCormick v. Sec'y of Health & Human Servs.*, 861 F.2d 998, 1000 (6th Cir. 1988).

Accordingly, the ALJ found plaintiff was not disabled through November 14, 2011.

## ANALYSIS

Plaintiff argues that based on her age and lack of transferrable skills during the time period at issue, Medical–Vocational Rule 201.12 would require a finding of disability if Plaintiff were limited to sedentary work between the date of her injury and November 14, 2011. *See* 20 C.F.R. Part 404, Subpart P, App. 2. Plaintiff contends that the ALJ's determination that plaintiff had the RFC to perform light work is without substantial evidence because: the ALJ failed to give controlling weight to the opinion of Dr. Robert Highhouse, M.D., a treating orthopaedic physician, and alternatively assigning too much weight to the opinion of Dr. James Grannell, D.O.; the ALJ mischaracterized the record; and finally the ALJ's hypothetical to the VE did not account for the time plaintiff would be off work due to physical therapy. (Dkt. #14, PageID 678-81). The Court will discuss the issues below.

  A. **Treating Physician Rule**

On July 28, 2010 and September 9, 2010, Dr. Highhouse found that plaintiff was impaired to a greater extent than that found in the ALJ's RFC. Specifically, Dr. Highhouse stated that plaintiff was limited to lifting a maximum of ten pounds with her left arm and was restricted from any overhead activity with her left arm. (A.R. 616, 620). Throughout the period at issue, Dr. Highhouse issued similar notes, sometimes taking plaintiff off work all together (A.R. 567) and other times imposing further lifting restrictions on plaintiff's left arm and adding restrictions on

plaintiff's right arm. (A.R. 558). The ALJ discussed the July 28, 2010 and September 9, 2010 notes as follows:

> [I]n July 2010 and September 2010, Robert Highhouse, M.D., noted that the claimant could return to work later that month but was limited with regard to her ability to lift with her left arm (no more than 10 pounds) and could not perform any overhead activity with her left arm. He noted no other functional limitations (Exh. 15F/82, 86). This opinion is given some weight to the extent that it is consistent with both the claimant's RFC and the evidence of record, which shows some complaints of pain in both shoulders but does not indicate that she had any significant limitation in her right arm on either occasion.

(A.R. 16). Plaintiff argues that she is entitled to relief on the ground that the ALJ failed to give appropriate weight to the opinion in question.

The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and her maladies generally possess significant insight into her medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion "is not inconsistent with the other substantial evidence in the case record." *Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375-76 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527). It is undisputed that Dr. Highhouse qualifies as a "treating source." *See* 20 C.F.R. § 404.1502 (defining "treating source").

Such deference is appropriate, however, only where the particular opinion "is based upon sufficient medical data." *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)). The ALJ may reject the opinion of a treating physician where such is

unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence. *See Cohen*, 964 F.2d at 528; *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (*citing Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)); *Cutlip v. Sec'y of Health and Human Services*, 25 F.3d 284, 286-87 (6th Cir. 1994).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so. *Gayheart*, 710 F.3d at 376. Such reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." This requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Id.* (*quoting Wilson v. Commissioner of Social Security*, 378 F.3d 541, 544 (6th Cir. 2004)). Simply stating that the physician's opinions "are not well-supported by any objective findings and are inconsistent with other credible evidence" is, without more, too "ambiguous" to permit meaningful review of the ALJ's assessment. *Gayheart*, 710 F.3d at 376-77. After its review, the Court finds the ALJ failed to give "good reasons" for assigning Dr. Highhouse's opinion only "some weight."

It is patent that Dr. Highhouse opined plaintiff was restricted to a greater extent than that recognized by the ALJ. The RFC, for example, allowed for overhead reaching with both arms, while Dr. Highhouse noted plaintiff was limited from using her left arm for any overhead activity. (A.R. 14, 616). While the ALJ gave the opinion some weight to the extent it was consistent with the RFC, it is clear that the ALJ failed to provide "good reasons" why those restrictions which were inconsistent with the RFC were not entitled to controlling weight. The ALJ merely noted that

8

portions of Dr. Highhouse's opinion were consistent with the RFC, but provided no further discussion. (A.R. 16). Defendant attempts to bolster the ALJ's analysis by noting how the opinion of Dr. Highhouse is inconsistent with his treatment notes. (Dkt. #17, PageID 697-99).  This, however, is exactly the type of analysis that should have been conducted by the ALJ.  Because the ALJ failed to articulate "good reasons" for giving Dr. Highhouse's opinion less than controlling weight, the ALJ's RFC determination is not supported by substantial evidence.  Accordingly, this case will be remanded under sentence four of § 405(g).  On remand, the Commissioner should reevaluate the RFC and determine whether "good reasons" exist for giving less than controlling weight to the opinion of Dr. Highhouse.

### B. Dr. Grannell

Plaintiff separately claims that the ALJ erred by assigning too much weight to the opinion of Dr. Grannell.  On January 12, 2011, Dr. Grannell opined that plaintiff's reports of pain were not supported by objective evidence, specifically pointing to a lack of atrophy in plaintiff's shoulders and plaintiff's lack of effort to raise her arms, but ability to do so when encouraged.  Dr. Grannell further stated that he believed plaintiff could return to work and could lift weights of up to thirty pounds, so long as plaintiff did not lift them any higher than breast level. (A.R. 235-26).  The ALJ assigned "great weight" to Dr. Grannell's opinion. (A.R. 16).  Plaintiff claims the ALJ gave too much weight to the opinion because Dr. Grannell had an ulterior motivation as a workers compensation consultant and the ALJ incorrectly cited a social security ruling that was inapplicable to Dr. Grannell.  This is not sufficient to establish error.

An ALJ may consider the opinion of a physician who examined a plaintiff in connection to a workers compensation claim. *Hoskins v. Comm'r of Soc. Sec.*, 106 F. App'x 412, 414 (6th Cir.

9

2004). Thus the ALJ was free to consider Dr. Grannell's and to determine what weight, if any, to give it. 20 C.F.R. § 404.1527; *Ward v. Comm'r, Soc. Sec.*, 72 F.3d 131 (6th Cir. 1995) (finding no evidence that the physicians who saw a plaintiff in connection to a workers compensation claim were unreliable or tainted). Moreover, the fact that the ALJ may have given the opinion greater weight than that of plaintiff's treating physicians is not error. *Brooks v. Commissioner*, 531 F. App'x 636, 642 (6th Cir. 2013) ("[I]n appropriate circumstances, opinions from State agency medical and psychological consultants . . . may be entitled to greater weight than the opinions of treating or examining sources."). In this case, the ALJ decided to assign great weight to the opinion because it was consistent with other portions of the medical record. Specifically the ALJ noted the opinion was consistent with treatment notes that showed plaintiff's left shoulder had "healed" such that it was able to be used without limits, and that plaintiff's right shoulder had a full range of motion. (A.R. 16, 225, 316). The Court thus finds the ALJ did not err in giving great weight to Dr. Grannell's decision.

At the end of the paragraph discussing Dr. Grannell's opinion, the ALJ cited to a social security ruling and the regulations. Specifically, the ALJ cited to SSR 96-2P which gives guidance regarding the treatment of treating physician's opinions. *See* Titles II & XVI: Giving Controlling Weight to Treating Source Med. Opinions, SSR 96-2P (S.S.A. July 2, 1996). Defendant agrees that the ruling is inapplicable to Dr. Grannell's opinion. (Dkt. #17, PageID 702). On these facts, however, the Court cannot conclude that the ALJ improperly thought Dr. Grannell was a treating source. At most, it appears the ALJ made a typographical error. The ALJ never referred to Dr. Grannell as a treating physician, nor stated he was required to give Dr. Grannell's opinion controlling weight. Notably, the ALJ did not provide any "good reasons" for giving the opinion less

than controlling weight, rather the ALJ only noted how the opinion was supported elsewhere in the record. In sum, substantial evidence supports the ALJ's treatment of Dr. Grannell's opinion, and plaintiff's claim fails.

### C. The ALJ Did Not Mischaracterize the Record.

Plaintiff next claims the ALJ "seemed to parse out snippets of medical records here and there to support her finding while ignoring the legion of evidence that supports a finding of disability." (Dkt #14, Page ID 678). In other words, plaintiff claims the ALJ mischaracterized or cherry-picked from the record in order to find plaintiff not to be disabled. This argument is frequently made and seldom successful, because "the same process can be described more neutrally as weighing the evidence." *White v. Commissioner*, 572 F.3d 272, 284 (6th Cir. 2009). The narrow scope of judicial review of the Commissioner's final administrative decision does not include re-weighing evidence. *See Ulman v. Commissioner*, 693 F.3d 709, 2012 WL 3871353, at * 4; *Bass v. Mahon*, 499 F.3d 506, 509 (6th Cir.2007).

Plaintiff's argument that the ALJ mischaracterized this administrative record is without merit. The purported instance of cherry-picking appears in treatment notes from Gregory Cassidy, a physician's assistant,[2] dated October 4, 2010. At the examination, plaintiff complained of right shoulder pain which she believed was caused by overcompensating for her injury to the left shoulder. (A.R. 225) Mr. Cassidy noted that:

---

[2]As a physician's assistant, Mr. Gregory is not considered an acceptable medical source. *See* 20 C.F.R. §§ 404.1502; 404.1513(a); *Dykes v. Colvin*, 2014 WL 585319 at *3 (W.D.Ky., Feb.13, 2014). Nevertheless, physician's assistants and other unacceptable medical sources, are permitted to offer statements regarding "the severity of [a claimant's] impairment(s) and how [such] affects [her] ability to work." *See, e.g.*, 20 C .F.R. §§ 404.1513(d); 416.913(d).

11

> [e]xam with attention to the right shoulder shows normal shoulder contours. She complains of discomfort with palpation to the anterior portion of the shoulder. She verbalizes discomfort with all ranges of motion of the shoulder although it seems to be good range of motion. Able to elevate her hand up above her head with no impingement noted. However, she verbalizes discomfort with this.

(A.R. 225). The ALJ summarized the above by stating: "Upon physical examination, [plaintiff] verbalized pain with all ranges of motion of the shoulder, although she demonstrated no significant physical limitation in that regard. She was also able to elevate her right hand above her head with no noted impingement." (A.R. 15). The ALJ's statement is entirely accurate. Plaintiff argues that the ALJ's discussion made "it appear as though [she] was having no physical limitation in the shoulder." (Dkt. #14, Page ID 679). This criticism is unfounded. The ALJ clearly noted, as Mr. Cassidy did, that plaintiff had a good range of motion during the examination, though she experienced pain when doing so. The ALJ did not mischaracterize the record, and plaintiff's claim fails.

        **D.**    **Substantial Evidence Supports the ALJ's Step 5 Analysis.**

Plaintiff's final claim is that the ALJ's hypothetical to the VE was flawed because it should have accounted for the time plaintiff attended physical therapy sessions and rehabilitation after surgery. (Dkt. #14, PageID 680-81). An ALJ's finding that a plaintiff possesses the capacity to perform substantial gainful activity that exists in the national economy must be supported by substantial evidence that the plaintiff has the vocational qualifications to perform specific jobs. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779 (6th Cir. 1987). This evidence may be produced through the testimony of a VE in response to a hypothetical question which accurately portrays the claimant's physical and mental limitations. *See Webb v. Commissioner of*

*Social Security*, 368 F.3d 629, 632 (6th Cir. 2004); *Varley*, 820 F.2d at 779. However, a hypothetical question need only include those limitations which the ALJ accepts as credible. *See Blacha v. Secretary of Health and Human Services.*, 927 F.2d 228, 231 (6th Cir. 1990).

At the administrative hearing, plaintiff's attorney posed a hypothetical to the VE in which someone similar to plaintiff would be off-work three days a week for at least two hours. The VE responded that there would be no work available. (A.R. 61). Plaintiff argues that the VE's testimony is substantial evidence that there was not a significant number of jobs plaintiff could perform, and thus she should be found disabled under step five of the sequential analysis. As noted above, however, the ALJ need only question a VE regarding those limitations which are credible. There is no indication in the record that plaintiff's allegation she would be off work for two hours a day, three days a weak, is credible. Contrary to plaintiff's assertion, her therapy sessions did not last two hours. Most ranged from forty five minutes to an hour. (A.R. 355, 356, 366) and some were as short as thirty minutes (A.R. 367, 372). Moreover, many of these sessions occurred either at 7 AM or 7 PM—well outside the range of a normal workday, and demonstrating that plaintiff could schedule her sessions around her work. (A.R. 418, 420, 421, 423, 424, 425). Accordingly, the ALJ was not required to include these limitations into her step five analysis, and plaintiff's claim fails.

## CONCLUSION

Plaintiff asks the court to order the Commissioner to award DIB and SSI benefits. (Dkt. #14, PageID 681). "[T]he court can reverse the [Commissioner's] decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *See Faucher v. Secretary of Health & Human Servs.*,

17 F.3d 171, 176 (6th Cir.1994). "A judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking." *Id.*; *see Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir.1985); *see also Kalmbach v. Commissioner*, 409 F. App'x 852, 865 (6th Cir.2011). Here, the Commissioner's decision is being reversed because the ALJ failed to properly consider the opinion of Dr. Highhouse, not because the record strongly establishes plaintiff's entitlement to benefits.

For the reasons discussed, then, the Commissioner's decision will be **VACATED** and **REMANDED.** A separate Judgment shall issue.


Dated:     October 28, 2015            /s/ Robert J. Jonker
                                       ROBERT J. JONKER
                                       CHIEF UNITED STATES DISTRICT JUDGE